

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| RISHARD LEWIS GETER, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 8:06-1077-HFF-BHH |
| § | |
| OFFICER FNU GOODE, § | |
| § | |
| Defendant. § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE AND DISMISSING CASE

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se.* The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending that the Court dismiss the case *without prejudice*. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or may recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 12, 2006, and Plaintiff timely filed objections on April 18, 2006.

In the well-reasoned Report, the Magistrate Judge correctly analyzed Plaintiff's allegations of excessive force under the Fourteenth Amendment. Specifically, the Magistrate Judge noted that the test for determining whether excessive force rises to the level of a constitutional violation is "whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the purpose of causing harm." (Report 2 (citing *Taylor v. McDuffie*, 155 F.3d 479, 483 (4th Cir. 1998)).) The Magistrate Judge further noted, however, that even if a question of fact exists with regard to this standard, a plaintiff cannot, as a matter of law, recover where the injuries or pain he suffered are *de minimis* unless the force used is of the sort "repugnant to the conscience of mankind." (Report 3 (citing *Taylor*, 155 F.3d at 483, *Norman v. Taylor*, 25 F.3d 1259, 1263 n.4 (4th Cir. 1994) (en banc))); *see also Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992). Concluding that Plaintiff here suffered merely *de minimis* injuries and pain, the Magistrate Judge recommended that the case be dismissed, pursuant to 28 U.S.C. § 1915(b)(1), for failure to state a claim.

In his objections, Plaintiff addresses the motivation behind Defendant's use of force and the explanation of why the force was used. He further notes that he is seeking only $5000 for pain and suffering. Plaintiff fails, however, to contest the Report's conclusion that his injuries were *de minimis*. In fact, Plaintiff seems to agree that his injuries were *de minimis*. (Objections 2-3 (". . .regardless of what type of injury was obtained in this incident . . . .) (I am now only seeking $5000, as pay for the pain and suffering in which I endured [*sic*], regardless of how de minimis they are considered . . . .).) Because Plaintiff fails to object or otherwise offer any evidence indicating that

his injuries were not *de minimis*, the Court is justified in adopting, without comment, the Report's recommendation that Plaintiff's case be dismissed for failure to state a claim. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983); *see also Thomas v. Arn*, 474 U.S. 140, 147-48 (1985) (noting that specific objections are necessary to focus the court's attention on disputed issues); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (finding that, because general objections to a Magistrate Judge's report do not direct the court's attention to any specific portion of the report, they are tantamount to a failure to object).

Nevertheless, the Court, in an abundance of caution, has made an independent review of the record in this case. Based upon this review, the Court concludes that Plaintiff's injuries–superficial abrasions and scarred tissue–were *de minimis* and, thus, not actionable under § 1983.* *Compare Andrews v. Douglas County*, No. 05-1829, 2006 WL 860721 (8th Cir. Apr. 5, 2006) (holding that minor abrasion was *de minimis*); *Wertish v. Krueger*, 433 F.3d 1062 (8th Cir. 2006) (holding that minor abrasion and shoulder injury were *de minimis*); *Green v. Hallam*, 105 F. App'x. 858 (7th Cir. 2004) (finding minor abrasion *de minimis*); *Johnson v. Unknown Coolman*, 102 F. App'x. 460 (6th Cir. 2004) (finding that pushing, pulling hard on hand cuffs, hurting wrists, and bending thumb back were *de minimis*); *Fowler v. Hodge*, 94 F. App'x. 710 (10th Cir. 2004) (finding that twisting arm and

---

* Plaintiff's allegation that he has suffered mental pain and suffering or psychological damage likewise fails to support his excessive force claim in that he is not entitled to compensatory damages for these injuries. Case law prior to the adoption of the Prison Litigation Reform Act had held that there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims. *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985), *cert. denied*, 480 U.S. 916 (1987); *Rodriguez v. Comas*, 888 F.2d 899, 903 (1st Cir. 1989). Further, the Prison Litigation Reform Act, which provides that physical injuries are a prerequisite for an award of damages for emotional distress under § 1983, supports the Court's conclusion here. 42 U.S.C. § 1997e(e).

back and causing pain were *de minimis*); *Gillis v. Stoebner*, 90 F. App'x. 962 (7th Cir. 2004) (finding that cut and bruising were *de minimis*); *Reyes v. Chinnici*, 54 F. App'x. 44 (3d Cir. 2002) (finding that single punch to shoulder was *de minimis*); *with United States v. Walsh*, 194 F.3d 37 (2d Cir. 1999) (finding that officer's act of stepping on inmate's groin caused more than *de minimis* injury and was repugnant to conscience of mankind).

Accordingly, the Court overrules Plaintiff's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that this case be, and the same is hereby, **DISMISSED** *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 25th day of April, 2006, in Spartanburg, South Carolina.

> s/ Henry F. Floyd
> HENRY F. FLOYD
> UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**
Plaintiff is hereby notified that he has the right to appeal this Order within **thirty (30)** days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.